UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICE McDANIELS,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

CIVIL ACTION NO. 09-10411
DISTRICT JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*   \*   \*

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on May 31, 2006, alleging that she had been disabled and unable to work since December 3, 2005[1], at age 44, due to lupus[2], bursitis, back pain, migraine headaches, mental depression, anxiety and a bi-polar disorder. Benefits were denied by the Social Security Administration (SSA). A requested de novo

---

[1] Plaintiff filed prior applications for DIB and SSI benefits in June 2003, alleging the same disability as the present applications, which were denied by the SSA and not pursued further (TR 11). Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (December 2, 2005). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does present a federal constitutional challenge to the SSA's application of res judicata. At the hearing, Plaintiff amended her onset date to December 3, 2005.

[2] At the time of the hearing, Plaintiff stated that her lupus condition was in remission (TR 237).

hearing was held on September 23, 2008, before Administrative Law Judge (ALJ) John Rabaut. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work providing a sit-stand option. The Law Judge restricted claimant from jobs that would expose her to excessive vibrations, environmental irritants, moving machinery or unprotected heights. The ALJ further limited her to simple, routine jobs that did not require any balancing, climbing, crouching or fine finger manipulation.  The claimant was found to be unable to meet fast-paced production demands, and she was limited to only occasional interaction with the public and co-workers.  The Appeals Council declined to review the ALJ's decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 46 years old at the time of the administrative hearing (TR 48). She had been graduated from high school and had attended college for two years.  She had been employed as a customer service representative, stock person and cashier (TR 73).  These jobs required her to be on her feet for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 50 pounds on a regular basis (TR 74-79). Claimant stopped working in December 2005, due to progressively worsening migraine headaches, gastrointestinal difficulties, and joint pain (TR 229, 243).

Plaintiff alleged that she was disabled as a result of radiating back and leg pain, mental depression and constant anxiety  (TR 238, 243-244). Claimant doubted that she could return to work due to  chronic fatigue.  She claimed that she needed to lie down five

times a day (TR 244). Plaintiff remained capable of shopping, cooking, housekeeping, socializing and doing her laundry (TR 81-85, 235). She was allegedly unable to sit, stand or walk for prolonged periods (TR 247-248). Plaintiff had memory and concentration problems, and was only able to complete tasks in a timely fashion on a "good day" (TR 239). The claimant avoided crowds and loud noises, as she often experienced panic attacks that left her confused (TR 240).

A Vocational Expert, Ann Tremblay, classified Plaintiff's past work as medium, unskilled activity (TR 253, 255). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[3] (TR 258-259). If she were capable of light work, however, there were numerous unskilled assembly, stock clerk and inspection jobs that she could still perform with minimal vocational adjustment (TR 257). These simple, routine jobs allowed a sit-stand option, and did not expose workers to high production demands, moving machinery, environmental irritants or unprotected heights. They involved only occasional interaction with the public and co-workers. The use of vibrating tools and the frequent handling of small objects were strictly limited (TR 255).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of degenerative disc disease, obesity, diabetes and migraine headaches. The ALJ also found that she suffered from bipolar, social anxiety and panic disorders, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's multiple impairments prevented her

---

[3]The witness testified that claimant's alleged need to take frequent days off every month would preclude all work activity (TR 258).

**3**

from working at jobs requiring her to sit or stand for prolonged periods, and from work involving frequent crouching, crawling, stooping, climbing or balancing. The Law Judge also restricted claimant from jobs that would expose her to moving machinery, unprotected heights or environmental pollutants.  Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.   See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her various impairments.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option and involving no exposure to excessive vibrations, environmental irritants, moving machinery or unprotected heights. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling joint pain or mental difficulties.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to migraine headaches. As pointed out by the ALJ, the claimant has never been hospitalized, nor has she received aggressive treatment for the condition (TR 18-19). Moreover, Plaintiff told Drs. Ataya and Korneli and that medications had helped relieve the headaches (TR 130, 174).

The ALJ also correctly pointed out that claimant's back pain was only intermittent, and that there had never been a referral by any doctor for diagnostic testing due to a deteriorating condition (TR 19). Dr. Hatem Ataya reported in July 2006, that Plaintiff did not exhibit any neurological deficits, muscle atrophy or unsteady gait as a result of her back condition (TR 132). Dr. Ferdinand Korneli reported in April 2006, that Plaintiff had normal

leg strength and no palpable tenderness along the lumbar spine (TR 186). While claimant complained of bursitis in her left hip that prevented her from bending or stooping, neither Drs. Korneli and Ataya recommended treatment for such a problem (TR 17). The objective medical evidence does not support claimant's allegation that she was unable to sit, stand or walk for longer than 20 minutes (TR 248).

      The ALJ reasonably accommodated Plaintiff's mental difficulties by limiting her to simple, routine and repetitive tasks performed in a work environment that did not place high production demands on her. She was also restricted to only occasional interactions with the public and co-workers (TR 14). To support his mental residual functional capacity evaluation, the ALJ noted that claimant's mental problems were generally stabilized on medication (TR 19). Although Plaintiff testified that she had problems with crowds, she did admit that she could be around 5 or 6 people before becoming anxious (TR 240). The claimant also acknowledged that she could perform simple tasks that could be accomplished in a few steps (TR 240).

      Plaintiff admittedly obtained significant relief from psycho-tropic medications taken as prescribed, and the medical record contained no evidence of significant side-effects from those medications. The Law Judge also noted that Plaintiff's statement that she could crochet, watch television and read all at the same time. She was also able to shop with her husband, mop and sweep the floor, do the laundry, walk the dog, visit friends, and drive an automobile during the day (TR 17). Significantly, no doctor declared Plaintiff to be totally and permanently disabled. Despite allegations of severe functional limitations, a significant portion of the treatment notes found in the record document routine medical care for such ailments as diffuse joint pain, heartburn, diabetes, hepatitis and gastroesophageal reflux disease (TR 116-117, 174-187).

Contrary to Plaintiff's assertion, the issue is not whether the ALJ properly labeled her impairments as severe or non-severe, but whether the Law Judge adequately included all functional limitations from those impairments into his residual functional capacity (RFC) evaluation.  In the instant case, the claimant has failed to point to any medical opinion, or other evidence, demonstrating additional work-related limitations caused by those conditions and allegedly ignored by the Law Judge.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.   Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).   See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled assembly, stock clerk and inspection jobs that she could still perform with minimal

vocational adjustment[4] (TR 257).  These simple, routine jobs allowed a sit-stand option, and did not expose workers to high production demands, moving machinery, environmental irritants or unprotected heights.  They involved only occasional interaction with the public and co-workers.  The use of vibrating tools and the frequent handling of small objects were strictly limited (TR 255). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th

---

[4]The Administrative Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her joint pain and mental difficulties. The ALJ reasonably determined that claimant's on-going joint discomfort limited her to simple, unskilled, routine type jobs (TR 21). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        <u>s/Donald A. Scheer</u>
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: August 27, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 27, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 27, 2009: **None.**

                                        <u>s/Michael E. Lang</u>
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217