**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ALICE MCDANIELS,**

        **Plaintiff,**                                Case No. 09-10411

**vs.**                                                        HONORABLE DENISE PAGE HOOD

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation dated August 27, 2009. On September 4, 2009, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge recommended that the Court grant the Commissioner's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment and dismiss Plaintiff's Complaint with prejudice.

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Plaintiff objects to the Magistrate Judge's characterization of her impairments as only joint pain and mental difficulties, that she is capable of doing housework without the need for rest, and

that her migraine headaches are not severe and chronic. She further objects that the Magistrate Judge ignored the fact her fatigue will result in missed days of work, and productivity that is less than what is required for the occupations of assembler, order clerk, and production clerk, occupations the Vocational Expert (VE) indicated Plaintiff could perform. Plaintiff objects to the Magistrate Judge's conclusion that the side effects of her medications (drowsiness) and inability to tolerate florescent lighting, which causes her migraine headaches as well, prevent her from performing work in a competitive work environment.

The evidence confirms the occurrences of Plaintiff's migraine headaches, daytime fatigue, side effects from pain medications[1] that preclude her ability to work. (Tr. 132-133, 164,176, 179, 182, 184-185). Plaintiff's testimony confirms that she sleeps excessively, that her migraine headache medication causes drowsiness, that her husband has to remind her to take care of personal needs, and to take her medications. She is able to do household chores, but needs to take breaks and lie down. She also indicated that florescent lights bother her, causing migraine headaches. She further indicated that her migraine headaches occur two to three times per week.

While the Magistrate Judge takes issue with the absence of more 'aggressive treatment' for her migraine headaches, Plaintiff has been prescribed two medications for her migraine headaches. What is further troubling is that neither the Administrative Law Judge nor the Magistrate Judge considered how her medications, florescent lighting, fatigue resulting in low productivity and absence from work would effect her ability to work. While the Magistrate Judge determined that the absence of more aggressive treatment in the record suggested that her complaints of disabling

---

[1] Plaintiff takes the following medications: Vicodin ES, Topamax, Hyroxzine, Mirapex, Lexapro, and Zyprexa.

symptoms related to her migraine headaches were exaggerated. There is no evidence in the record that migraine headaches require aggressive treatment. In summary, the Magistrate Judge incorrectly found that the Administrative Law Judge adequately included all functional limitations from Plaintiff's impairments into the residual functional capacity evaluation.

The Court must now determine whether it is appropriate to grant benefits to Plaintiff or remand the matter to the ALJ for a factual determination under 42 U.S.C. § 405(g). "In cases were there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking. *Mowery v. Heckler*, 771 F. 2d 966, 973 (6th Cir. 1985); *see also, Vansickle v. Comm'r of Social Security*, 277 F. Supp. 2d 727, 732-33 (E.D. Mich. 2003); *c.f. Faucher v. Sec'y of Health and Human Servs.*, 17 F. 3d 171 (6th Cir. 1994) ("[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.").

The Court finds that upon examination of the entire record, there is sufficient evidence to make a determination of Plaintiff's radiating back and leg pain, migraine headaches, fatigue, side effects from medication and mental depression and anxiety render "proof of disability overwhelming." *Mowery*, 771 F. 2d at 973.

Accordingly,

IT IS ORDERED that Magistrate Judge Donald A. Scheer's Report and Recommendation [**Docket No. 21, filed September 24, 2009**] is REJECTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [**Docket No.**

**10, filed on May 15, 2009**] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [**Docket No. 15, filed on August 10, 2009**] is DENIED.

IT IS FURTHER ORDERED that this cause of action is remanded for award of benefits.


                                                          S/Denise Page Hood
                                                         Denise Page Hood
                                                         United States District Judge

Dated: March 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2010, by electronic and/or ordinary mail.

                                                         S/William F. Lewis
                                                         Case Manager